UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| FIRST FINANCIAL INSURANCE COMPANY | CIVIL ACTION |
| VERSUS | NO: 15-5030 |
| A-1 GLASS SERVICES, INC. | SECTION: R |

## ORDER AND REASONS

Defendant A-1 Glass Services, Inc. moves the Court to dismiss First Financial Insurance Company's complaint for declaratory judgment on the basis of abstention. For the following reasons, the Court stays the case pending resolution of the state court proceedings.

## I.  INTRODUCTION

This insurance coverage dispute arises out of a personal injury lawsuit brought by John Maestri against several defendants in Louisiana state court. Although this case has an unusual procedural history, the essential facts are as follows. Maestri worked as a glazier for A-1 Glass Services, Inc. ("A-1"). At all relevant times, A-1 was the named insured under a commercial general liability policy issued by First Financial Insurance Company ("First Financial"). A-1 worked as a subcontractor to Walton Construction ("Walton") on a construction project for the Jefferson Parish School Board. To perform

its work, A-1 rented a boom lift from RSC Equipment, a company later purchased by United Rentals (collectively, "United"). On March 12, 2012, Maestri was using the boom lift to install glass for the School Board Project. While Maestri worked, the boom lift neared a high-voltage power line owned by Entergy Louisiana, LLC ("Entergy"), and Maestri was electrocuted. Maestri sued Walton, Entergy, United, and several other defendants for his injuries.[1] That case remains pending in the 24th Judicial District Court for Jefferson Parish.

After Maestri filed suit, Entergy filed a third-party complaint against Walton and A-1, claiming that the companies had violated the Louisiana Overhead Power Line Safety Act, La. Rev. Stat. §§ 45:141–146, by failing to give Entergy advance notice that their workers would be in close proximity to its power lines.[2] Entergy alleged that under section 144 of the Act, Walton and A-1 are liable to Entergy for any damages that Entergy must pay to Maestri. Entergy amended its pleadings to assert a direct action claim against First Financial as A-1's insurer.[3]

---

[1] R. Doc. 1 at 3-4.

[2] R. Doc. 1-4 at 7-9.

[3] R. Doc. 1-5 at 3.

Later, Walton and the boom lift rental company, United, filed cross-claims or third-party claims against A-1 and First Financial.[4]  As to First Financial, Walton and United each alleged that they were entitled to a defense and indemnity as additional insureds under the commercial general liability policy that First Financial issued to A-1.  They further alleged that First Financial had breached the insurance policy by denying coverage and refusing to tender a defense.  As to A-1, Walton and United each alleged that A-1 was contractually required to indemnify and defend them against the claims asserted by Maestri and Entergy.  In addition, they alleged that their contracts with A-1 required A-1 to obtain insurance coverage that would cover them as additional insureds.  According to Walton and United, A-1 breached these obligations by failing to provide indemnification and a defense  and--in the event that First Financial lawfully denied coverage under the policy--failing to purchase adequate insurance coverage.

Before Walton filed its claims against A-1 and First Financial  in Maestri's state court lawsuit, Walton filed a declaratory judgment action against First Financial in federal court.  In that action, Walton sought to recover from First Financial the costs it had expended to defend against

---

[4] *See* R. Doc. 1-6; R. Doc. 1-7.

Entergy's third-party complaint. It also sought a declaration that First Financial had an ongoing duty to defend and indemnify Walton against Entergy's third-party complaint. On March 12, 2015, this Court granted summary judgment in favor of First Financial. The Court reasoned that the insurance policy's "cross liability" exclusion, provides that the policy "does not apply to any actual or alleged 'bodily injury' . . . to . . . [an] employee of any insured."[5] Because Maestri was an employee of an insured, the policy categorically excluded coverage for damages for his bodily injuries.[6] Accordingly, the Court held that First Financial had no duty to defend or indemnify Walton as an additional insured.[7]

Following this Court's summary judgment order, the state court dismissed Walton's third-party claims against First Financial in Maestri's lawsuit on grounds of res judicata.[8] Entergy dismissed its direct action claim against First Financial voluntarily, leaving United as the only party asserting

---

[5] *See Walton Const. v. First Fin. Ins. Co.*, No. CIV.A. 14-1781, 2015 WL 1125302 (E.D. La. Mar. 12, 2015).

[6] *Id.* at *3.

[7] *Id.* at *4.

[8] R. Doc. 8-1.

4

claims against First Financial.[9] First Financial then moved for summary judgment against United, arguing (as it had in the federal declaratory judgment action) that the policy's "cross liability" exclusion unambiguously excludes coverage for damages for Maestri's bodily injuries.[10]

On October 1, 2015, the state court denied First Financial's motion for summary judgment.[11] In their briefs in this case, the parties have not directed the Court to a written state court order or a transcript of the relevant proceedings.[12] First Financial contends that the state court found that its insurance policy's "cross liability" exclusion was ambiguous as applied to United.[13] According to First Financial, the court reasoned that the policy's "separation of insureds" provision created uncertainty as to whether the "cross liability" exclusion applies to additional insureds or only to named insureds.[14]

---

[9] R. Doc. 8-2. The parties to this declaratory judgment action, A-1 and First Financial, have asserted no claims against one another in the underlying state court litigation.

[10] *See* R. Doc. 8-6 at 14-16.

[11] R. Doc. 7-2; R. Doc.

[12] A-1 contends that the judge ruled from the bench and that the judgment is awaiting the judge's signature. R. Doc. 7-2 at 3 n.2.

[13] *See generally* R. Doc. 8-6 (First Financial's application for a supervisory writ from the Louisiana Fifth Circuit Court of Appeal).

[14] The relevant provision provides: "Except with respect to the Limits of Insurance, and any rights or duties specifically assigned in this Coverage Part to the first Named Insured, this insurance applies: (a) As if each Named Insured were the only

5

On October 29, 2015, First Financial filed an application for a supervisory writ from Louisiana's Fifth Circuit Court of Appeal, arguing that "[t]he district court erred as a matter of law in failing to find that First Financial's Cross Liability Exclusion unambiguously bars coverage for United Rentals' claims . . . ."[15] In its application, First Financial sought an order reversing the trial court, granting summary judgement in First Financial's favor, and dismissing United's claims against First Financial under the insurance policy.[16] On January 27, 2016, Louisiana's Fifth Circuit Court of Appeal granted the supervisory writ application. *In re: First Financial Insurance Company*, No. 15-C-676 (La. App. 5 Cir. Jan. 27, 2017). Consistent with this Court's previous declaratory judgment decision, the Fifth Circuit held that "a plain reading of [the] cross liability exclusion provision precludes coverage for United Rentals against claims for damages brought by Mr. Maestri because Mr. Maestri is both the employee of an insured, A-1 Glass, as well as an insured in his own right." *Id.* at *6. Finding the insurance policy

---

Named Insured; and (b) Separately to each insured against whom claim is made or 'suit' is brought."

[15] R. Doc. 8-6 at 10.

[16] *Id.* at 35.

unambiguous, the court vacated the trial court's ruling and granted First Financial's motion for summary judgment against United. *Id.* at 7.

On October 8, 2015, six days after the state trial court denied its motion for summary judgment against United, but before the state appellate court granted its supervisory writ application, First Financial filed this declaratory judgment action in federal court.[17] In its complaint, First Financial seeks a declaration that it has no duty to defend or indemnify A-1 against any claim asserted against A-1 in the pending state court litigation. In support, First Financial asserts the same policy interpretation that has litigated before this Court (as a declaratory judgment defendant), the state trial court (as a movant for summary judgement), and the state appellate court (in its application for a supervisory writ)--that the policy's "cross liability" exclusion excludes coverage for damages for Maestri's bodily injuries.[18]

A-1 now moves to dismiss First Financial's complaint in this Court on the grounds of abstention. According to A-1, federalism, fairness, and judicial

---

[17] R. Doc. 1. After initially being assigned to a different section of the Eastern District of Louisiana, First Financial's complaint was transferred to this Court as related to the previous declaratory judgment action.

[18] *Id.* at 8. First Financial's declaratory judgment complaint makes passing reference to other "terms, definitions, conditions and/or exclusions." Other than the "cross liability" exclusion, however, First Financial has not specified any policy provision that it believes excludes coverage for the damages claims asserted in Maestri's state court lawsuit.

efficiency concerns warrant the Court's abstaining in favor of the ongoing state court proceedings.[19] First Financial opposes the motion.[20]

## II. DISCUSSION

Federal courts have great discretion to entertain, stay, or dismiss a declaratory judgment action. *Wilton v. Seven Falls Co.,* 515 U.S. 277, 286 (1995). In exercising this discretion, the Court must balance on the record the purposes of the Declaratory Judgment Act and the factors relevant to the abstention doctrine. *Travelers Ins. Co. v. La. Farm Bureau Fed'n*, 996 F.2d 774, 778 (5th Cir. 1993). The Court should consider, among other factors:

> (1) whether there is a pending state action in which all of the matters in controversy may be fully litigated;
>
> (2) whether the plaintiff filed suit in anticipation of a lawsuit filed by the defendant;
>
> (3) whether the plaintiff engaged in forum shopping in bringing the suit;
>
> (4) whether possible inequities in allowing the declaratory plaintiff to gain precedence in time or to change forums exist;
>
> (5) whether the federal court is a convenient forum for the parties and witnesses; and

---

[19] R. Doc. 7-2.

[20] R. Doc. 8.

>(6) whether retaining the lawsuit in federal court would serve the purpose of judicial economy.

*See St. Paul Ins. Co. v. Trejo*, 39 F.3d 585, 590-91 (5th Cir. 1994).

Here, all of the issues in the declaratory judgment action can be resolved in the pending state court proceeding in which A-1 is a defendant and First Financial is a third-party defendant. It is true that A-1 has not, as yet, asserted a claim against First Financial for indemnity or defense in that proceeding. Nonetheless, United's third-party demand against First Financial raises the same coverage dispute as is at issue here--namely, whether the policy's "cross liability" exclusion categorically excludes coverage for damages for Maestri's bodily injuries. By filing this declaratory action days after the state court rejected its interpretation of the insurance policy and denied its motion for summary judgment against United, First Financial clearly engaged in forum shopping.

In addition, determining the scope of A-1's coverage would not serve the interests of judicial economy. To the contrary, the Court finds that it would be wasteful to litigate the same issues in state and federal court, particularly when not all of the parties in Maestri's state court lawsuit are present before the Court in this action. This is especially true given that First Financial has already briefed its interpretation of the policy language in its supervisory writ

9

application and has obtained a ruling in its favor from Louisiana's Fifth Circuit Court of Appeal. The Fifth Circuit's ruling is consistent with this Court's decision in the previous declaratory judgment action. Thus, if that ruling is not reviewed on writs, there will be no inconsistency in how the insurance policy is interpreted in state and federal court. If the Louisiana Supreme Court does review the Fifth Circuit's decision, then allowing parallel proceedings in this Court would needlessly expend judicial resources. Obviously, the Supreme Court's ruling would bind this Court in its interpretation of the insurance policy under Louisiana law.

Finally, the record does not reflect that the federal forum is either more or less convenient for either of the parties. Nor are there any federal questions present in determining whether A-1's policy would require First Financial to defend or indemnify it in Maestri's state court action. *Cf. Sherwin-Williams Co. v. Holmes Cty.*, 343 F.3d 383, 396 (5th Cir. 2003) (explaining that the existence of a federal question weighs in favor of a federal court exercising its discretion to decide a declaratory judgment action). Rather, the insurance coverage issues raised in First Financial's declaratory judgment action are state law issues, which are well suited for resolution by the state courts.

First Financial's reliance on *AXA Re Property & Casualty Insurance Company v. Day*, 162 F. App'x 316, 320 (5th Cir. 2006), is misplaced. There,

the Fifth Circuit affirmed the district court's decision to grant declaratory relief to an insurer. The court reasoned that the insurer was not a party in the pending state action and that the state court action concerned questions of liability that were "wholly distinct from the issue in this action: whether the [insurer's] policy provides coverage and a corresponding duty to duty to defend and/or indemnify Kinchen's estate." *Id.* Here, by contrast, First Financial is a third-party defendant in Maestri's state court lawsuit, and the precise issue raised by the declaratory action complaint--the scope of the policy's "cross liability" exclusion--is being litigated in state court as well. Other cases cited by First Financial are similarly distinguishable and provide no support for First Financial's position. *See, e.g.*, *Nautilus Insurance Company v. Curtis Industrial Painting Company, Inc.*, No. CIV. A. 98-339, 1998 WL 199372, at *4 (E.D. La. Apr. 23, 1998) (declining to abstain when pending state court actions did not directly raise the relevant insurance coverage issues).

The Supreme Court has noted that "where the basis for declining to proceed is the pendency of a state proceeding, a stay will often be the preferable course, because it assures that the federal action can proceed without risk of a time bar if the state case, for any reason, fails to resolve the matter in controversy." *Wilton*, 515 U.S. at 288 n. 2; *see also Melancon v.*

11

*Union Carbide Corp.*, No. CIV. A. 97-1299, 1998 WL 122610, *7 (E.D. La. 1998). Thus, the Court finds that a stay, rather than dismissal, is the appropriate method for exercising its discretion to abstain in this case. Ultimately, this Court grants a stay because the state court can comprehensively resolve all of the state law coverage issues in a forum that is just as convenient as this one. Litigation in one forum will prevent unnecessary duplication of judicial effort and prevent inconsistent policy interpretations.

### III. CONCLUSION

For the foregoing reasons, the Court STAYS this case pending resolution of *Maestri, et al. v. Entergy Corporation, et al.* in the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana, Division "O," No. 723-160. This matter is administratively closed pending the stay.

New Orleans, Louisiana, this <u>14th</u> day of March, 2016.

_____*Sarah Vance*_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE